IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS GORDON,

        Petitioner,

v.

JEFF PREMO,

        Respondent.

Case No. 6:16-cv-01018-SI

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging a 2011 decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") to defer his projected parole release date by ten years. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

### **BACKGROUND**

In 1975, Petitioner committed a particularly gruesome murder involving his prior rape victim. He ultimately pleaded guilty to rape and murder and was sentenced to life on the murder conviction, and twenty consecutive years on the rape conviction.

Historically, Oregon inmates have received parole consideration hearings every two years. However, in 2009, the Oregon legislature amended ORS 144.228 to allow the Board the discretion to postpone an inmate's parole consideration by up to 10 years. The Board applied this new law to Petitioner in 2011 when it deferred his release by 10 years. On February 9, 2011, the Board held a hearing and issued Board Action Form #18 as follows:

> The Board has received a psychological evaluation on inmate dated 12/6/2010.
>
> Based on the doctor's report and diagnosis, coupled with all the information that the Board is considering, the Board concludes that the inmate suffers from a present severe emotional disturbance that constitutes a danger to the health or safety of the community. The Board has considered this matter under the substantive standard in effect at the time the inmate opted into the

>matrix system, 08/01/1984, and all other applicable rules and laws.
>
>The Board further finds that it is not reasonable to expect that you will be granted a firm release date before 10 years from your current projected release date. Therefore the Board is deferring your projected release date and establishing a new projected release date of 08/15/2021 following a total of 551 months. A review will be scheduled in 02/2021, with a current psychological evaluation.

Respondent's Exhibit 103, p. 265.

Petitioner applied for administrative review where he alleged that the 10-year deferral of his parole constituted an *ex post facto* violation. The Board rejected the administrative appeal:

>Because you demonstrated no decrease in your criminal thinking, including denial of responsibility, minimization, and lack of empathy, despite over thirty years of incarceration, the Board concluded that it is unlikely that you will show sufficient change in two years to justify it in affirming your projected parole date. Thus, the board finds that it did not err in applying the 2009 statutory changes because the risk of increasing punishment for your crime is minimal and speculative at best. The significance of your argument is diminished by the existence of convictions that permit the state to imprison you for life plus twenty years. The changes regarding scheduling or hearings are procedural, do not authorize greater punishment, and do not substantially alter your rights. In any case, the Board notes that pursuant to ORS 144.280, you have the right to request an interim hearing for the purposes of demonstrating that there is reasonable cause to believe that you may be granted an earlier parole release date.

*Id* at 290.

3 - OPINION AND ORDER

Petitioner proceeded to file for judicial review of the Board's administrative denial, but the Oregon Court of Appeals affirmed the Board's Order in a written opinion that did not specifically address the claims Petitioner argues here. Respondent's Exhibit 108. The Oregon Supreme Court denied review. Respondent's Exhibit 111.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on June 6, 2016 in which he alleges that the Board's 2011 decision to place him on a 10-year parole hearing cycle violates his right to equal protection and to be free from *ex post facto* punishment. Respondent asks the court to deny relief on these claims because they lack merit.

## DISCUSSION

### I. Habeas Corpus Jurisdiction

Respondent first argues that Petitioner's case is not properly filed as a habeas corpus action because success on his claims will not necessarily result in Petitioner's speedier release from prison. Claims do not sound in habeas if they will not, if successful, lead to speedier release. *Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016). Were the court to find an equal protection or *ex post facto* violation in this case, Petitioner would not be entitled to earlier release. Instead, he would only be relieved from the 10-year parole cycle of which he complains. In such a scenario, although the Board would be obligated to conduct parole review hearings every two years, it could nevertheless continue to exercise its discretion to deny Petitioner release to parole if appropriate. In this respect,

because success in this action would result only in speedier parole consideration and not necessarily Petitioner's speedier release, his claim does not "lie[] at the core of habeas corpus." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

## II. Entitlement to Federal Habeas Relief

Even if the court could construe Petitioner's grounds for relief to state claims cognizable in a 28 U.S.C. § 2254 habeas corpus case, Petitioner would nevertheless not be entitled to relief. An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas

5 - OPINION AND ORDER

court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

When, as here, a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision. *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

### III. Analysis

#### A. Equal Protection

According to Petitioner, the Board violated his right to equal protection when it elected to defer his parole consideration for ten years because other similarly situated inmates continue to receive parole hearings every two years. The

parties agree that the rational basis inquiry controls where the Board's decision does not burden a fundamental right and Petitioner is not a member of a protected class. *See Romer v. Evans*, 517 U.S. 620, 631 (1996). In this respect, the Board's decision will implicate equal protection principles only if the court finds it to be so arbitrary as to not bear a rational relationship to a legitimate end. *Id.*

Petitioner contends that the Board's decision was completely arbitrary. He points out that he not only received three prior psychological evaluations that stated his antisocial personality was in partial remission, but his 2010 psychological review by Dr. Templeman noted that Petitioner: (1) did not exhibit psychotic thinking or major anxiety; (2) demonstrated well-adjusted behavior during the past 30 years; (3) maintained good relations with the staff; and (4) held steady employment within the prison. Respondent's Exhibit 112, pp. 61-66. He reasons that the totality of this record as well as his advancing age render him less likely to possess a present severe emotional disturbance rendering him a danger to the community such that he should be evaluated every two years.

When the Board set Petitioner's parole consideration on a 10-year cycle, it did so based upon a variety of factors: (1) as of 2011, he had committed two violations of institutional rules since his prior parole hearing two years earlier, and responded by minimizing his culpability and indicating "I just don't give a damn anymore," (2) Petitioner does not understand or refuses to sincerely discuss the motivation that led to the commission of

7 - OPINION AND ORDER

his crimes; (3) he has demonstrated a marked lack of effort to address his substance abuse problems which he consistently identifies as being an element in his crimes; and (4) Petitioner continues to demonstrate a lack of remorse, empathy, or concern for his victims as he labels his victim's family "vindictive," considers himself to be a victim, and believes his own treatment to be unjust. Respondent's Exhibit 103, pp. 65-66.

Moreover, Dr. Templeman's 2010 evaluation did not show him to be in partial remission as to his antisocial personality disorder. Notably, this was contrary to Dr. Templeman's previous finding in 2001 of partial remission, illustrating that Dr. Templeman was clearly aware of the issue. Petitioner's theory that his age makes remission more likely rather than less likely is therefore directly controverted by Dr. Templeman's reversal of his own opinion on the issue. Based on the totality of this record, Petitioner has not established that the Board's 2011 decision was so arbitrary as to violate equal protection.

B. *Ex Post Facto*

Petitioner also asserts that the Board's retroactive application of ORS 144.228 to his case resulted in a longer term of incarceration, thereby implicating the *Ex Post Facto* Clause of the U.S. Constitution. The *Ex Post Facto* Clause prohibits states from enacting laws which, by retroactive operation, increase the punishment for a crime after its commission. *Garner v. Jones*, 529 U.S. 244, 250 (2000). A law violates the *Ex Post Facto* Clause if: (1) it "appl[ies] to events occurring before its enactment," *Weaver v. Graham*, 450 U.S. 24, 29 (1981); and (2) "produces a

sufficient risk of increasing the measure of punishment attached to the covered crimes." *Calif. Dep't. of Corr. v. Morales*, 514 U.S. 499, 504 (1995). There is no *ex post facto* violation if it "creates only the most speculative and attenuated risk of increasing the measure of punishment attached to the covered crimes." *Morales*, 514 U.S. at 513.

Whether retroactive application of a change in parole law violates the prohibition against *ex post facto* legislation "is often a question of particular difficulty when the discretion vested in a parole board is taken into account." *Garner*, 529 U.S. at 250. The court remains mindful that the *Ex Post Facto* Clause is not properly utilized for "the micromanagement of an endless array of legislative adjustments to parole and sentencing procedures." *Morales,* 514 U.S. at 508.

In *Garner* and *Morales,* the Supreme Court addressed *ex post facto* claims similar to Petitioner's. In both cases, the Supreme Court concluded that the decreased availability of parole consideration hearings did not increase the measure of punishment to inmates in Georgia and California because those inmates could apply for interim hearings. *Garner*, 529 U.S at 254; *Morales*, 514 U.S. at 512-13. When the Board in Petitioner's case deferred his parole consideration for 10 years, it specifically advised him that "Pursuant to ORS 144.280, you have the right to request an interim hearing not earlier than two years from today, for the purpose of demonstrating that there is reasonable cause to believe that you may be granted a change in the terms of

9 - OPINION AND ORDER

confinement or a firm release date." Respondent's Exhibit 103, p. 266.

Petitioner acknowledges that like *Garner* and *Morales*, Oregon offers a mechanism through which inmates can request an interim parole consideration hearing. However, he contends his *ex post facto* claim is nevertheless meritorious because, although he is technically allowed to seek an interim parole consideration hearing during the 10-year term imposed by the Board, the real-world impact of the retroactive application of ORS 144.228 is to effectively increase his punishment because no such hearing is truly available to him. He reasons that under ORS 144.125, inmates are presumed released on their established parole release date unless the Board finds a present severe emotional disturbance rending them a danger to the community. He thus contends that he must rebut this finding via a favorable psychological evaluation which he cannot possibly accomplish where: (1) there is no mechanism by which he can obtain a psychological evaluation to demonstrate improvement warranting an interim hearing; and (2) he is without sufficient funds to retain his own psychologist for such a purpose. In this respect, Petitioner believes that although he can technically request an interim parole consideration hearing, his opportunity to receive meaningful consideration for purposes of scheduling an interim hearing is nonexistent absent a new psychological evaluation.

Pursuant to ORS 144.280(2), where the Board sets a parole hearing cycle in excess of two years, an inmate may submit a request for an interim hearing:

10 - OPINION AND ORDER

not earlier than the date that is two years
from the date parole is denied and at
intervals of not less than two years
thereafter. If the board finds, based upon a
request for an interim hearing, that there is
reasonable cause to believe that the prisoner
may be granted parole, the board shall
conduct a hearing as soon as is reasonably
convenient.

Petitioner bears the burden of establishing with the Board that an interim hearing is warranted by submitting "any supporting facts, information or documents relevant to the criteria outlined in OAR 255-062-0016, or other factors specific to how the inmate has demonstrated a significant change or progress toward rehabilitation. . . ." OAR 255-062-0016(d). Within OAR 255-062-0016 are 14 specific factors the Board considers when establishing parole hearing dates (including interim hearing dates). When it deferred Petitioner's parole consideration by 10 years, the Board specifically identified for Petitioner which of those 14 factors it found to be problematic in his case:

> Factor 2: Infractions of institutional rules and discipline;
>
> Factor 11: Demonstrated Impulsivity;
>
> Factor 4: Inmate's failure to demonstrate understanding of the factors that led to his criminal offenses;
>
> Factor 6: Inmate's demonstrated lack of effort to address criminal risk factors of substance abuse problems;
>
> Factor 9: Inmate's inability to experience or demonstrate remorse or empathy; and

11 - OPINION AND ORDER

>           Factor 12: Demonstrated lack of concern for
>           others, including but not limited to any
>           registered victims.

Respondent's Exhibit 103, pp. 265-66.

The Board thus relied upon many factors to conclude that Petitioner was not an appropriate candidate for a two-year parole hearing cycle. Nowhere among those factors did it identify Dr. Templeman's psychological evaluation as a reason supporting its decision to place Petitioner on a 10-year parole hearing cycle. Instead, it relied upon the psychological evaluation (as well as the other information before it) to make the separate determination that Petitioner suffered from a present severe emotional disturbance rendering him a danger to the health or safety of the community such that he would not be paroled on the presumptive date established at his 2009 parole consideration hearing. *Id* at 265. Accordingly, there is no reason to conclude that Petitioner cannot demonstrate improvement in the relevant areas identified by the Board so as to obtain an interim hearing based upon factors that are independent of a psychological evaluation.

Where the Board specifically advised Petitioner that he has the right to request an interim hearing pursuant to ORS 144.280, and where his ability to secure such a hearing is not dependent upon a new psychological evaluation, there is no *ex post facto* violation in the Board's retroactive application of ORS 144.228 to Petitioner's case. Thus, upon an independent review of the record, the state court decision denying relief is neither

contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The court issues a Certificate of Appealability limited only to: (1) whether 28 U.S.C. § 2254 habeas corpus jurisdiction is present; and (2) if habeas jurisdiction is proper, whether the *ex post facto* issue Petitioner argues in this proceeding entitles him to relief.

IT IS SO ORDERED.

DATED this 20th day of November, 2017.

_____
Michael H. Simon
United States District Judge

13 - OPINION AND ORDER